(April 28, 2000)

■ In the Matter of CHARLES J. MYSAK, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [714 NYS2d 696] —Per Curiam. Respondent was admitted to practice by this Court in 1984. He maintained a law office in New Jersey, where he was admitted to practice in 1977. This Court suspended him effective July 7, 1999, for failure to comply with the attorney registration requirements (*Matter of*

*Attorneys in Violation of Judiciary Law § 468-a*, 262 AD2d 702).

Petitioner, the Committee on Professional Standards, moves for an order reciprocally disciplining respondent (*see*, 22 NYCRR 806.19) by reason of his disbarment by the New Jersey Supreme Court in December 1999 upon findings that he had engaged in the knowing misappropriation of client funds on several occasions.

Upon this record, and having considered all of the papers submitted by respondent and after hearing him in mitigation, we grant petitioner's motion and conclude that the interests of justice will be served by imposing upon respondent the same discipline in this State as was imposed in New Jersey, namely disbarment.

Crew III, J. P., Graffeo, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys of the State of New York, effective immediately; and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form either as principal or as agent, clerk or employee of another; and he is forbidden to appear as attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority or to give to another any opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of disbarred attorneys.